IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD WALLACE, #207 922,  )
                                  )
    Plaintiff,                    )
                                  )
v.                                )       CIVIL ACTION NO. 2:15-CV-448-MHT
                                  )                    [WO]
CHEN XIONGYING EAGLE, *et al*.,   )
                                  )
    Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama, brings this 42 U.S.C. § 1983 action against Defendants Dr. Chen Xiongying Eagle, Dr. Sander Viak, and Jackson Hospital and Clinic, Inc.  Plaintiff  alleges that Defendants failed to provide him with adequate medical care in violation of his constitutional rights. He seeks injunctive relief and damages.  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

On October 21, 2014, while incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, Plaintiff was taken to the emergency room at Jackson  Hospital due to kidney failure. He was released to the Kilby Correctional Facility on October 29, 2014, when Defendants "stopped" treatment. Plaintiff's IV and dialysis port were removed by Defendants prior to his transport to back to the prison. Plaintiff states he became ill on the evening of October 29, 2014. He claims he could not eat or drink, was vomiting, could not urinate, and was

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

unable to get up under his own power. On November 2, 2014, Plaintiff was returned to the emergency room at Jackson Hospital where he stayed until November 8, 2014, at which time he was released to the custody of prison officials "with dialysis port in place for the continue [sic] treatment." On November 4, 2014, Plaintiff was transferred to the St. Clair Correctional Facility to continue his dialysis treatment. *Doc. No. 1 and Attachment*.

Plaintiff seeks to hold Defendants liable under the Eighth and Fourteenth Amendment for malpractice, "negligent denial of medical care for dialysis treatment," and "intentional tort injuries" regarding the actions described in his complaint.[2]  To prevail on a constitutional claim for deprivation of medical care in a § 1983 action, a prisoner must show that the defendants acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence or a failure to act reasonably is not enough. *Estelle*, 429 U.S. 105-06. Defendants must have the subjective intent to cause harm. *Id.* at 104. Whether Plaintiff received the treatment he felt he should have is not the issue. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (quotation marks and citations omitted). ("[W]here a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.").  Negligence, neglect, or medical malpractice

---

[2] For purposes of this Recommendation, the court assumes, without deciding, that Defendants may properly be considered state actors. *See e.g., Ort v. Pinchback,* 786 F.2d 1105, 1107 (11th Cir.1986)*; Carswell v. Bay County,* 854 F.2d 454 (11th Cir.1988); *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700 (11th Cir.1985); *Morrison v. Washington County, Alabama,* 700 F.2d 678 (11th Cir. 1983).

does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989) (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Mere medical malpractice . . . does not constitute deliberate indifference"); *see also Brinton v. Gaffney*, 554 F. Supp. 388, 389 (E.D. Pa. 1983) (A § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received . . ., even if that treatment is so negligent as to amount to medical malpractice."). Consequently, in order to state an Eighth Amendment claim, Plaintiff must show he suffered from an objectively serious medical need and Defendants were subjectively indifferent to that need.

Although Plaintiff has alleged facts which show he suffered from an objectively serious medical condition during the relevant time period, he has failed to allege facts which support the subjective component of an Eighth Amendment claim. Plaintiff fails to allege how any Defendant acted intentionally or recklessly to deny or delay medical care or that any Defendant acted with "an attitude of deliberate indifference" towards his medical problems. *Taylor*, 221 F.3d at 1258. While Plaintiff complains in general about a denial of adequate or appropriate medical care, to assert a constitutional claim he must present "at least some allegation of a conscious or callous indifference" by Defendants. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). To the extent Plaintiff claims that Defendants "should have perceived" a risk of harm to him but did not" is unavailing as ". . . the failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference." *Farmer*, 825 U.S. at 838.

3

Plaintiff's complaint, at best, makes a case for negligence or malpractice. As explained, however, his claims that Defendants were negligent and committed medical malpractice regarding their conduct and/or actions upon his release from the hospital on October 29, 2014, do not rise to the level of a constitutional violation. Plaintiff alleges no facts which indicate that Defendants had actual knowledge or awareness of an obvious risk to his serious medical need and failed to take steps to abate that risk or that they disregarded a substantial risk to his health. Plaintiff's belief he did not receive a proper course of treatment, without more, fails to state a violation of his constitutional rights. *See Hamm*, 774 F.2d at 1574. In light of the foregoing, the court concludes that Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claim of inadequate medical care be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted;

2. Plaintiff's complaint be DISMISSED without prejudice to any state law claims for negligence and/or medical malpractice;

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before September 3, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

5